UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | BANKRUPTCY NO. 09-14172 |
| MARKET STREET PROPERTIES, LLC | SECTION "A" CHAPTER 11 |
| DEBTOR | |

## MOTION FOR APPROVAL AND AUTHORIZATION OF DEBTOR TO INCUR POST-PETITION SECURED INDEBTEDNESS AND DEBTOR-IN-POSSESSION FINANCING WITH MSP FINANCE, LLC, GRANTING SECURITY AND ADMINISTRATIVE PRIORITY, MODIFYING THE AUTOMATIC STAY, AND AUTHORIZING EXECUTION OF LOAN DOCUMENTS

**NOW INTO COURT**, through undersigned counsel comes, Market Street Properties, LLC ("*Debtor*"), and pursuant to 11 U.S.C. §105 and 364(c) of Title 11 of the United Sates Code (the "*Bankruptcy Code*") and Rules 2002, 4001(c) and (d), and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), hereby moves for the entry of a DIP Financing Order (1) approving and authorizing the Debtor to incur post-petition secured indebtedness with MSP Finance, LLC ("*MSP Finance*") in the principal amount of $750,000.00 (the "*DIP Loan*") on the terms and conditions set forth in the Mortgage and Security Agreement and Mortgage Note, forms of which are attached hereto and incorporated herein as Exhibit A (together, the "Mortgage"); and (2) granting MSP Finance security interests in certain assets of the Debtor and administrative priority claims pursuant to Section 364(c) and (d) of the Bankruptcy Code. In support of this Motion, the Debtor respectfully submits as follows:

1.

On December 23, 2009, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

1

2.

The Debtor has an immediate need for a post-petition loan facility to be effective within the next few weeks to supplement the anticipated cash on hand, so that there are sufficient funds in the aggregate to pay operational and restructuring expenses of the Debtor.

3.

MSP Finance is willing to make the DIP Loan to the Debtor in the principal amount of up to $750,000.00 on the terms and conditions set forth in the Mortgage, and subject to executed loan documents, in order to fund the Debtor's expenses and costs of operation.

4.

Approval of this Motion and the Mortgage and Security Agreement will create certain obligations by the Debtor to MSP Finance including, without limitation, the payment of MSP Finance's costs, fees, and expenses associated with the DIP Loan including reasonable attorneys' fees. Additionally, the proposed DIP Loan is conditioned upon approval of certain other terms and conditions set forth in the proposed DIP Financing Order approving same. The proposed DIP Financing Order (a form of which is attached hereto and incorporated herein as Exhibit B) provides that if the DIP Loan is approved and funded and the Debtor subsequently (a) obtains replacement DIP financing or (b) obtains confirmation of a plan of reorganization then MSP Finance will be entitled to a Success Fee of $100,000.00 plus all third-party costs and expenses. *See* Exhibit "B" at Paragraph 14 at page 5.

5.

The Mortgage and proposed DIP Financing Order also provide, *inter alia*, that the DIP Loan will be on a secured basis, with a priming lien and first priority senior security interest in all assets, proceeds, and cash collateral thereof of the Debtor pursuant to Section 362(d)(1) of the

Bankruptcy Code, except as specifically provided therein. Additionally, the Mortgage and proposed DIP Financing Order provide that MSP Finance will be granted an administrative priority pursuant to Section 364(c)(1) of the Bankruptcy Code and secured by a super-priority first lien on all now-owned or hereinafter acquired assets and property of the Debtor's estate pursuant to 11 U.S.C. §§362(c)(2), (c)(3), and 364(d). Finally, the Mortgage and proposed DIP Financing Order provide that the DIP Financing Order shall, pursuant to 11 U.S.C. §§362 and 364(e), grant all such senior and priming liens and claims to MSP Finance for any and all monies actually advanced by MSP Finance even if those Orders are subsequently vacated, modified, or set aside, and provide for the lifting of the automatic stay.

6.

The DIP Loan (and all accrued and unpaid interest thereon) will become due and payable upon the earlier of (a) November 15, 2010; (b) the effective date of a plan of reorganization which has been confirmed by an order of the Bankruptcy Court; or (c) the occurrence and continuance of an Event of Default under the DIP Loan beyond any applicable grace or cure period.

7.

Good cause exists for (i) approval and granting of authority to execute the Mortgage and; (ii) entry of the proposed DIP Financing Order. Without the DIP Loan, the Debtor will have difficulty paying ongoing expenses and the anticipated restructuring and litigation expenses in this case pending the confirmation and consummation of any plan of reorganization.

8.

The DIP Loan, Mortgage, and proposed DIP Financing Order have been negotiated in good faith and at arm's length between the Debtor and MSP Finance. The Debtor believes in the

exercise of its business judgment that approval of the Mortgage and Security Agreement and the DIP Loan is in the best interests of the Debtor, its estate, and all creditors of its estate insofar as it will aid the Debtor in obtaining sufficient funds to pay expenses, make capital improvements, and otherwise successfully reorganize.

9.

Finally, it is also imperative that the Debtor be able to execute the Loan Documents and obtain the DIP Loan proceeds as soon as possible, and the Debtor requests that the Order granting the authority requested herein not be subject to any stay pursuant to Rule 6004(h).

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order in the substantial form of that attached as Exhibit B (a) approving and authorizing the Debtor to incur post-petition secured indebtedness with MSP Finance, LLC in the principal amount of $750,000.00 (the "***DIP Loan***") on the terms and conditions set forth in the Mortgage; (b) granting MSP Finance security interests in certain assets of the Debtor pursuant to 11 U.S.C. §364(d)(1) and an administrative priority pursuant to 11 U.S.C. §364(c); (c) authorizing the Debtor to execute all necessary Loan Documents; (d) finding that the stay pursuant to Rule 6004(h) is inapplicable; and (e) granting to the Debtor such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD | Respectfully submitted, <br><br> /s/ Stewart F. Peck <br> STEWART F. PECK (#10403) <br> CHRISTOPHER T. CAPLINGER (#25357) <br> BENJAMIN W. KADDEN (#29927) <br> KATHY A. RITO (#31302) <br> 601 Poydras Street, Suite 2775 <br> New Orleans, LA 70130 <br> Telephone: (504) 568-1990 <br> Facsimile: (504) 310-9195 <br> Email: speck@lawla.com; ccaplinger@lawla.com; bkadden@lawla.com; krito@lawla.com <br> *Attorneys for Market Street Properties, LLC* |

741353-1

5