UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:

MARKET STREET PROPERTIES, LLC

DEBTOR

BANKRUPTCY NO.
09-14172
SECTION "A"
CHAPTER 11

MOTION FOR APPROVAL AND AUTHORIZATION OF DEBTOR TO (A) EXECUTE
TERM SHEET; (B) OBTAIN INTERIM DEBTOR-IN-POSSESSION FINANCING;
(C) PAY OFF AND TERMINATE EXISTING DEBTOR-IN-POSSESSION FINANCING;
(D) INCUR POST-PETITION SECURED INDEBTEDNESS AND REPLACEMENT
DEBTOR-IN-POSSESSION FINANCING WITH MARKET STREET VENTURES,
L.L.C., (E) GRANT SECURITY AND ADMINISTRATIVE PRIORITY,
AND EXECUTE LOAN DOCUMENTS AND (F) SET FINAL HEARING

NOW INTO COURT, through undersigned counsel, comes Market Street Properties,

LLC ("*Debtor*"), and pursuant to 11 U.S.C. §105 and 364 (c) of Title 11 of the United States

Code (the "*Bankruptcy Code*") and Rules 2002, 4001(c) and (d), and 9041 of the Federal Rules

of Bankruptcy Procedure (the "*Bankruptcy Rules*"), hereby moves for the entry of a DIP

Financing Order: (1) authorizing the execution of Letter of Intent, (2) authorizing the Debtor on

an interim basis to obtain an initial advance of $2,000,000.00 (the "*Initial Advance*") (3)

authorizing the Debtor to terminate and pay off in full the existing debtor-in-possession term

loan with Eisenberg Investment, LLC, (4) approving and authorizing the Debtor to incur post-

petition secured indebtedness with Market Street Ventures, L.L.C. ("*Lender*") in the total

principal amount of $3,500,000.00 (the "*Replacement DIP Loan*") on the terms and conditions

set forth in the Loan Agreement, Mortgage and Security Agreement and Mortgage Note, forms

of which are attached hereto and incorporated herein as Exhibit A and in the related loan

documents   (together, the "*Collateral Documents*"); (5) granting Lender first lien priority

1

security interests in certain assets of the Debtor and administrative priority claims pursuant to

Section 364(c) and (d) of the Bankruptcy Code; and (6) setting a final hearing with respect to the

Replacement DIP Loan.   In support of this Motion, the Debtor respectfully submits the

following:

1.

On December 23, 2009, the Debtor filed a voluntary petition under Chapter 11 of

Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as a

debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1107.

2.

The Debtor has an immediate need for a replacement post-petition loan facility to be

effective as soon as possible to supplement the anticipated cash on hand, so that there are

sufficient funds in the aggregate to take out and pay in full the existing DIP Loan and pay

operational and restructuring expenses of the Debtor in connection with development of the

Debtor's property and the Debtor's emergence from Chapter 11 bankruptcy.

3.

Lender is willing to make the Replacement DIP Loan to the Debtor in the principal

amount of $3,500,000.00 on the terms and conditions set forth in the Collateral Documents, and

subject to executed loan documents, in order to fund the Debtor's expenses and costs of

operation.

4.

Approval of this Motion and the of the Collateral Documents will create certain obligations by the Debtor to Lender including, without limitation the payment of Lender's costs, fees, and expenses associated with the Replacement DIP Loan including reasonable attorneys' fees. The proposed Replacement DIP Loan provides for a 3% percent Commitment Fee, a 10% simple interest rate and a 2% Exit Fee. The attached Term Sheet, Exhibit B, provides for a break-up or success fee of $75,000.00 payable to Lender if, between the times of the Interim Order and the Final Hearing, other Replacement DIP Financing is secured and consummated from another source other than Lender.

5.

The Collateral Documents and proposed Replacement Interim (Exhibit C) and Final DIP Financing Order also provide, *inter alia*, that the Replacement DIP Loan will be on a secured basis, with a priming lien and first priority senior security interest in all assets, proceeds, and cash collateral thereof of the Debtor pursuant to Section 362(d)(1) of the Bankruptcy Code, except as specifically provided therein. Additionally, the Mortgage and proposed Replacement DIP Financing Order provide that Lender will be granted an administrative priority pursuant to Section 364(c)(1) of the Bankruptcy Code and secured by a super-priority first lien on all now-owned or hereinafter acquired assets and property of the Debtor's estate pursuant to 11 U.S.C. §§362(c)(2), (c)(3), and 364(d) subject to a carve out for budgeted and allowed Debtor counsel's professional fees and costs incurred not to exceed $100,000.00. Finally, the Collateral Documents and proposed Interim and Final Replacement DIP Financing Orders provide that the Replacement DIP Financing Order shall, pursuant to 11 U.S.C. §§362 and 364(e), grant all such senior and priming liens and claims to Lender for any and all monies actually advanced by

Lender and/or owed to Lender even if those Orders are subsequently vacated, modified, or set aside, and provide for the lifting of the automatic stay. Also, if the Lender forecloses on its security interests and liens against the Premises, the Financing Orders shall provide for a waiver of claims under 506(c) arising after institution of the foreclosure proceeding.

6.

The Debtor seeks an Interim Order authorizing the payment in full of the original DIP Loan in favor of Eisenberg Investment, LLC and additional monies aggregating the Initial Advance of $2,000,000.00.

7.

The Replacement DIP Loan (and all accrued and unpaid interest thereon) will become due and payable upon the earlier of (a) August 1, 2011, (b) the effective date of a plan of reorganization which has been confirmed by an order of the Bankruptcy Court; or (c) the date upon which a final order is entered by the Bankruptcy Court either (i) converting the Debtor's Chapter 11 case to a case under Chapter 7 or (ii) appointing a trustee or examiner (with expanded powers) in the Debtor's Chapter 11 case or (iii) dismissal of the Debtor's bankruptcy case or (iv) the occurrence and continuance of an Event of Default under the DIP Loan beyond any applicable grace or cure period (the "*Maturity Date*"); provided however, the Maturity Date may be extended for such longer period as particularly set forth in the Term Sheet and Collateral Documents.

8.

Good cause exists for (i) approval and granting of authority to execute the Collateral Documents and; (ii) entry of the proposed Interim and Final Replacement DIP Financing Orders. Without the Replacement DIP Loan, the Debtor will have difficulty paying ongoing expenses in

4

connection with development of the Entergy power plant and the anticipated restructuring and litigation expenses in this case pending the confirmation and consummation of any plan of reorganization.

9.

The Replacement DIP Loan, Collateral Documents, and proposed Interim and Final and Interim Replacement DIP Financing Orders have been negotiated in good faith and at arm's length between the Debtor and Lender.  The Debtor believes in the exercise of its business judgment that approval of the Collateral Documents and the Replacement DIP Loan are in the best interest of the Debtor, its estate, and all creditors of its estate insofar as it will aid the Debtor in obtaining sufficient funds to pay expenses, undertake site preparation and further the development of the property in order to and otherwise successfully reorganize.

10.

Finally, it is also imperative that the Debtor be able to execute the Collateral Documents and obtain the Replacement DIP Loan proceeds as soon as possible, and the Debtor requests that the Order granting the authority requested herein not be subject to any stay pursuant to Rule 6004(h).

11.

Per the Court's directive with respect to seeking replacement DIP financing, the following is the present status of the case and an outline of steps in the critical path to plan confirmation.

12.

The next steps in the development of the property are the master planning for the development along with architectural and structural engineering to retrofit and restore the 109-

5

year-old building for occupancy by the anchor Lender. This will involve strengthening the steel beams and shaping the building. The Debtor will be shortly filing applications seeking authorization to retain architects, structural engineers and development planners.

13.

At the same time, the Debtor will engage remediation firms to environmentally remediate the property utilizing *inter alia* the funds in the Entergy Environmental escrow account.

14.

The Debtor will be filing shortly an application to engage special legal counsel to work with the Anchor Tenant in the negotiation and confection of a long term building lease, which lease will be the cornerstone to secure exit financing for the Debtor to emerge from Chapter 11 bankruptcy.

15.

Also, Debtor may seek authority from the Court to secure surrounding critical adjacent egress and ingress parcels of land with respect to the master planning of the development.

16.

Simultaneously, the Debtor will be working with exit financing sources with respect to obtaining Exit Financing that will be the centerpiece of the Debtor's plan of reorganization and the emergence from Chapter 11.

17.

Along these lines and assuming there are no unanticipated impediments or delay, the Debtor envisions filing a plan of reorganization and disclosure statement on or about the beginning of May 2011.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order in the

substantial form of that attached as Exhibit C (a) approving and authorizing the Debtor to incur

post-petition secured indebtedness with Lender in the principal amount of $3,500,000.00 on the

terms and conditions set forth in the Collateral Documents; (b) entering an Interim Order

authorizing the Initial Advance of $2,000,000.00; (c) granting Lender security interests in all of

the assets of the Debtor pursuant to 11 U.S.C. §364(d)(1) and an administrative priority pursuant

to 11 U.S.C. §364(c) subject to a debtor's counsel professional fee carve out; (d) authorizing the

Debtor to execute all necessary Collateral Documents; (e) authorizing the Debtor to pay in full

and terminate the Eisenberg Investment LLC DIP Loan; (f) finding that the stay pursuant to Rule

6004(h) is inapplicable; (g) setting a Final Hearing; and (h) granting to the Debtor such other

and further relief as the Court deems just and proper.

Respectfully Submitted,

LUGENBUHL, WHEATON, PECK,          */s/Stewart F. Peck*
     RANKIN & HUBBARD              Stewart F. Peck (#10403)
                                   Christopher T. Caplinger (#25357)
                                   Benjamin W. Kadden (#29927)
                                   Joseph P. Briggett (#33029)
                                   601 Poydras Street, Suite 2775
                                   New Orleans, LA 70130
                                   Telephone: (504) 568-1990
                                   Facsimile: (504) 310-9195
                                   Email:    speck@lawla.com;
                                             ccaplinger@lawla.com;
                                             bkadden@lawla.com;
                                             jbriggett@lawla.com
                                   *Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion For Approval And Authorization Of Debtor To (A) Execute Term Sheet; (B) Obtain Interim Debtor-In-Possession Financing; (C) Pay Off and Terminate Existing Debtor-In-Possession Financing; (D) Incur Post-Petition Secured Indebtedness and Replacement Debtor-In-Possession Financing With Market Street Ventures, L.L.C., (E) Grant Security and Administrative Priority, and Execute Loan Documents and (F) Set Final Hearing has been served upon the parties receiving CM/ECF notice including parties appearing and requesting service, and upon the individuals listed on the attached service list, by depositing a copy of same in the United States mail, properly addressed, and first class postage prepaid, this *4th* day of February 2011.

/s/Stewart F. Peck

Abaton Carlton Development
P.O. Box 311
Palm Beach, FL  33480

Boxer RE, LLP
Attn:  Accounting Manager
720 North Post Oak Road
Houston, TX  77024

Burt E. Eisenberg, N.A.
Trustee of the Market Street Trust
5100 Tamiami Trail N. Suite 123
Naples, FL  34103

Capital One, N.A. Trust Services
Trust Services
P.O. Box 61540
New Orleans, LA  70161

Demco Inc.
238 Lein Road
Buffalo, NY  14224

Dennis Sunshine
80 Cabot Court
Hauppauge, NY  11788

Eisenberg Trust
5100 Tamiami Trail N.
Suite 123
Naples, FL  34103

Elkin, PLC
201 St. Charles Avenue
Suite 4400
New Orleans, LA  70170

Entergy New Orleans, Inc.
c/o Real Estate Dept. Attn:  Ken Looper
Mail Unit No. L-ENT-3L
639 Loyola Avenue
New Orleans, LA  70113

Entergy Services, Inc.
c/o Legal Dept. Attn:  Alan H. Katz
Mail Unit No. L-ENT-26C
639 Loyola Avenue
New Orleans, LA  70113

Harter Secrest & Emergy LP
1600 Bausch & Lomb Place
Rochester, NY  14604

Imperial Premium Finance, Inc.
Box 9045
New York, NY  14604

Internal Revenue Service
Centralized insolvency Operations
P.O. Box 21126
Philadelphia, PA  19114-0326

Kahn & Associates
1000 N. Rampart Street
New Orleans, LA  70116

La. Department of Environmental Quality
P.O. Box 4311
Baton Rouge, LA 70821-4311

Market Street Properties Palm Beach
1221 Brickell Avenue, Suite 2100
Miami, FL  33131

Market Street Properties Palm Beach
c/o Tamara J. Fisher
164 Seminole Avenue
Palm Beach, FL  33480

Middleberg Riddle & Gianna
201 St. Charles Avenue, 31st Floor
New Orleans, LA  70170

Office of the US Trustee
400 Poydras Street, Suite 2110
New Orleans, LA  70130

Phelps Dunbar LLP
365 Canal Street, Suite 2000
New Orleans, LA  70130

PKF Consulting
1010 Lamar, Suite 400
Houston, TX  77002

Ramp Development
P.O. Box 294743
Lewisville, TX  75029

Reznick Group
400 Capitol Mall, Suite 900
Sacramento, CA  95814

Shaw Energy Delivery Services, Inc.
36993 Treasury Center
Chicago, IL  60694

Taylor Porter Brooks  Phillips
451 Florida Street, 8th Floor
Baton Rouge, LA  70801

WCK Consultants
7 Tree Farm Road, Suite 206
Pennington, NJ  08534

William C. Broadhurst
2721 St. Charles Avenue
New Orleans, LA  70130

Williams Architects
824 Baronne Street
New Orleans, LA  70113

Alan K. Katz
Entergy Services, Inc.
639 Loyola Avenue, 26th Floor
New Orleans, LA  70113

Alan H. Goodman
Brent C. Wyatt
Lemle & Kelleher, LLP
601 Poydras Street, Ste 2100
New Orleans, LA  70130

Richard F. Carlisle
Boxer Property Management Corporation
720 North Post Oak Road
Suite 500
Houston, TX 77024

Mark C. Landry
Newman Mathis Brady & Spedale
212 Veterans Blvd.
Metairie, LA 70005

J. David Forsyth
Sessions Fishman Nathan & Israel
201 St. Charles Avenue, Suite 3815
New Orleans, LA 70170

S. Ault Hootsell, III
Bryan Edward Bowdler
Phelps Dunbar
365 Canal St., Ste 2000
New Orleans, LA 70130

Market Street Properties Miami LLC
Attn: Michael W. Hill
201 St. Charles Avenue Suite 3800
New Orleans, LA 70170

Kirk Reasonover
400 Poydras Street, Suite 1980
New Orleans, LA 70130-1440

ıl M. Thompson, Jr.
ıl M. Thompson, Jr., LLC
ıne Canal Place
ı65 Canal St., Suite 2960
lew Orleans, LA 70130